UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAHARI SHA-MEL INGRAM-ROBINSON,

Plaintiff,

-against-

COMMISSIONER DEPARTMENT OF
SOCIAL SERVICES, *Westchester County*;
WORKER ON CASE & SUPERVISOR;
WORKER ON CASE & SUPERVISOR,

Defendants.

19-CV-11072 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Kahari Sha-Mel Ingram-Robinson, a Westchester County resident, is proceeding

*pro se*. He invokes the Court's diversity of citizenship jurisdiction and alleges that Defendants

have denied him public assistance benefits. He sues the Westchester County Department of

Social Services ("DSS"), the Commissioner of DSS, and two unidentified DSS emergency

assistance workers. By order dated December 16, 2019, the Court granted Plaintiff's request to

proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth

below, the Court dismisses the complaint, but grants Plaintiff leave to file an amended

complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint, which is not a model of clarity: Plaintiff Kahari Shamel Ingram-Robinson asserts his claims using the Court's general complaint form. He checks the box to indicate he brings his claims under the Court's diversity of citizenship jurisdiction and, in the space to state which of his rights have been violated, Plaintiff writes that he has been in homeless shelters "totaling 150 days with no food, Medicaid and no

cash assistance with autism and pending disability."[1] (ECF No. 2, at 2.) He further asserts that he was "discriminated against by DSS" and "denied transportation to places required by DSS." (*Id.* at 6.)

Plaintiff attaches to the complaint a "Notice of Fair Hearing" addressed to him from the New York Office of Temporary and Disability Assistance. (*Id.* at 8.) The document indicates that Plaintiff had a hearing scheduled for November 14, 2019, and that the issues to be addressed at the hearing include a "failure to verify any factor relating to eligibility" for Medicaid and SNAP benefits, as well as a notation stating "whereabouts unknown." (*Id.*) Plaintiff hand-wrote on the notice, "Need a fair hearing date when mom showed up was told I need to be there of POA papers. Need a date." (*Id.*) He filed this complaint on November 26, 2019.

Plaintiff seeks "Food Stamps for 4 months[,] Medicaid guaranteed[, and] public assistance" as well as $2000.00 in damages. (*Id.* at 6.)

## DISCUSSION

The Court construes the complaint as asserting a claim under 42 U.S.C. § 1983 that Defendants denied Plaintiff's right to due process under the Fourteenth Amendment. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

To state a § 1983 due process claim, a plaintiff must "demonstrate that he possessed a protected liberty or property interest, and that he was deprived of that interest without due process of law." *Hynes v. Squillance*, 143 F.3d 653, 658 (2d Cir. 1998); *see Nnebe v. Daus*, 644

---

[1] Plaintiff writes using irregular capitalization. The Court has edited Plaintiff's capitalization for readability.

F.3d 147, 158 (2d Cir. 2011). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (citations omitted). Generally, due process requires some kind of hearing prior to a final deprivation of an individual's liberty or property interest. *See Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 299 (1981); *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003). "[W]here a plaintiff alleges a deprivation of property in violation of the due process clause, the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts. If so, there will be no claim before the federal court, whether or not plaintiff took advantage of the state procedure." *Vialez v. New York City Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991).

Public assistance benefits "have long been afforded constitutional protection as a species of property protected by the federal Due Process Clause." *Kapps v. Wing*, 404 F.3d 105, 112 (2d Cir. 2005) (quoting *Goldberg*, 397 U.S.at 262 & n.8); *see also M.K.B. v. Eggleston*, 445 F. Supp. 2d 400, 432 (S.D.N.Y. 2006) ("Persons who are qualified to receive welfare benefits have a legitimate claim of entitlement to such benefits."). Applicants for benefits, no less than recipients, possess such a property interest. *Kapps*, 404 F.3d at 113. In the context of public assistance benefits, due process typically requires predeprivation notice and an opportunity to be heard. *Goldberg*, 397 U.S. at 260-61; *Hart v. Westchester Cnty. Dep't of Soc. Servs.*, No. 98-CV-8034, 2003 WL 22595396, at *4 (S.D.N.Y. 2003). However, where a person is deprived of a property right because of a random and unauthorized act, rather than through the operation of established state procedures, the Due Process Clause is satisfied if the state provides an adequate postdeprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that a "random and unauthorized" deprivation of a protected interest does not result in a violation of

procedural due process, as long as the state provides an adequate postdeprivation remedy);

*Rivera–Powell v. New York City Bd. of Elections,* 470 F.3d 458, 465 (2d Cir. 2006) (holding that "[w]hen the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides meaningful post-deprivation remedy.").

New York State law provides such a postdeprivation remedy. Under New York law, access to postdeprivation process such as a fair hearing pursuant to N.Y. Soc. Serv. Law § 22 and 18 N.Y.C.R.R. § 358, and the availability of further review in the state courts in an Article 78 proceeding have been found to be constitutionally adequate procedures to challenge adverse determinations in connection with government entitlement programs. *See Banks v. HRA*, 2013 WL 142374, at *3 (E.D.N.Y. Jan. 11, 2013); *Vapne v. Eggleston*, No. 04-CV-565 (NRB), 2004 WL 2754673, at *5 (S.D.N.Y. Dec. 1, 2004).

Although Plaintiff may have a property interest in public assistance benefits, he does not allege that he has been denied a meaningful opportunity to be heard. In fact, Plaintiff attaches to the complaint a notice from DSS indicating that Plaintiff was provided a fair hearing. It is unclear from the complaint whether Plaintiff attended the November 14, 2019 hearing, or how his claim was resolved. In any event, Plaintiff does not allege that he sought review of the matters in state court through Article 78 proceedings, which is a process that is available to him. Because Plaintiff had an opportunity to participate in a fair hearing, and an opportunity to file an Article 78 proceeding in state court regarding this matter, *see* N.Y.C.P.L.R. § 7801 *et seq.*, he fails to state a claim for denial of due process.[2]

---

[2] This Court also lacks mandamus jurisdiction to compel Defendants to grant Plaintiff's application for benefits. Federal courts have no general power to compel action by state officials. *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *see also Fullan v. Comm'r of Corr. of N.Y.*, 891 F.2d 1007, 1009-10 (2d Cir. 1989).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Although it seems unlikely that the defects in Plaintiff's complaint could be cured in an amended complaint, in an abudance of caution, the Court grants Plaintiff 30 days' leave to replead his claims. The Court strongly encourages Plaintiff to contact the New York Legal Assistance Group's (NYLAG) Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court. A copy of the flyer with details of the clinic is attached to this order.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-11072 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 10, 2020
           New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

_____ Civ. _____ ( _____ )

**AMENDED
COMPLAINT**

Jury Trial:  ☐ Yes    ☐ No
(check one)

**I.      Parties in this complaint:**

A.      List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff        Name _____

                 Street Address _____

                 County, City _____

                 State & Zip Code _____

                 Telephone Number _____

B.      List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant No. 2    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant No. 3    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant No. 4    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


**II.    Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction? *(check all that apply)*

    ☐ Federal Questions        ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

### III. Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      Where did the events giving rise to your claim(s) occur? _____
_____

B.      What date and approximate time did the events giving rise to your claim(s) occur? _____
_____
_____

C.      Facts: _____
_____

> **What happened to you?**

_____
_____
_____

> **Who did what?**

_____
_____
_____

> **Was anyone else involved?**

_____
_____

> **Who else saw what happened?**

_____
_____
_____

### IV. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____
_____
_____
_____
_____
_____
_____

## V.      Relief:

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.  _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of _____, 20__.

| | |
|---|---|
| Signature of Plaintiff | _____ |
| Mailing Address | _____ |
| | _____ |
| | _____ |
| Telephone Number | _____ |
| Fax Number *(if you have one)* | _____ |

<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

| | |
|---|---|
| Signature of Plaintiff: | _____ |
| Inmate Number | _____ |



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court in Manhattan and White Plains

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York.  The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax. The clinic cannot assist individuals while they are incarcerated, but can provide assistance to litigants once they are released from custody.

To make an appointment for a consultation, call (212) 659-6190 or  come by either clinic during office  hours. Please note that a government-issued photo ID is required to enter either building.

**The clinic offers in-person appointments only. The clinic does not offer assistance over the phone or by email.**

**Thurgood Marshall United States Courthouse**
Room LL22
40 Centre Street
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. - 4 p.m.
Closed on federal and court holidays

---

**The Hon. Charles L. Brieant Jr. Federal Building and Courthouse**
300 Quarropas St
White Plains, NY 10601
(212) 659 6190

Open Wednesday
12 p.m. - 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.


a beneficiary of